UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| NIKCI BOYD,<br><br>　　　　　　　　　　Plaintiff,<br>v.<br>ARTHUR GATLER,<br>　　　　　　　　　　Defendant. | Case No.2:14-cv-02094-GMN-PAL<br><br>REPORT OF FINDINGS AND RECOMMENDATION<br><br>(IFP App – Dkt. #1) |

    Plaintiff Nikci Boyd is proceeding in this action pro se. She has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis and submitted a complaint on December 10, 2014. This matter was referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rules IB 1-3 and 1-4.

    Plaintiff's Application to Proceed in Forma Pauperis indicates Plaintiff is incarcerated at the Clark County Detention Center. However, she filed an Application for unincarcerated persons, and she has not included the financial information and affidavit required by 28 U.S.C. § 1915(a)(2), which requires a prisoner seeking leave to proceed in forma pauperis to submit a certified copy of the trust fund account statement for his or her account for the six-month period immediately preceding the filing of the civil action. *Id.* Further, Plaintiff has not submitted the financial affidavit certified by the prison required by 28 U.S.C. § 1915(a)(1).

    Even if Plaintiff had submitted a properly completed application, the court would still recommend dismissal because the complaint does not state a claim upon which relief can be granted. Once the court allows a plaintiff to proceed in forma pauperis, the court must screen a complaint pursuant to § 1915(a). Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C.

1

§ 1915(e)(2). When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Id.* Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 679-80. Where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly,* 550 U.S. at 570.

Here, Plaintiff's complaint alleges that on April 3, 2013, Defendant Arthur Gatten fired a gun "many times" at Plaintiff and caused her to be detained "by not telling the truth." In doing so, Defendant was attempting to keep Plaintiff from reporting that Defendant had embezzled Allen Boyd's Social Security payments and stolen his prescription medication to sell it. Plaintiff asserts that she is seeking damages based on a personal injury claim. She does not allege that he was a government agent or acting under color of state law. It appears he is a private citizen.

The complaint does not state a claim upon which relief can be granted because it does not allege any basis for the court's jurisdiction. Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Plaintiff has not alleged federal jurisdiction exists in this case. No federal

question jurisdiction pursuant to 28 U.S.C. § 1331 exists, and there is no diversity jurisdiction pursuant to 28 U.S.C. § 1332 because both Plaintiff and Defendant are residents of Nevada, and Plaintiff has not alleged damages in excess of $75,000.  Plaintiff may have a state claim but she has not alleged a federal claim, and the face of the complaint indicates she is complaining about the alleged wrongful conduct of a private citizen. Leave to amend will not be granted because Plaintiff's claims cannot be cured by the allegation of additional facts.  *See Lopez v. Smith,* 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc) (citing *Doe v. United States*, 58 F.3d 494,497 (9th Cir. 1995) (leave to amend should be granted unless amendment would be futile)).

Accordingly,

**IT IS RECOMMENDED**:

1. Plaintiff's Application to Proceed In Forma Pauperis (Dkt. #1) be DENIED.
2. The Clerk of Court be directed to file the complaint but not issue summons.
3. Plaintiff's complaint be DISMISSED for failure to state a claim upon which relief can be granted.

Dated this 30th day of January, 2015.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

**<u>NOTICE</u>**

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court.  Pursuant to Local Rule of Practice (LR) IB 3-2(a), any party wishing to object to the findings and recommendations of a magistrate judge shall file and serve *specific written objections* together with points and authorities in support of those objections, within fourteen days of the date of service of the findings and recommendations.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal

3

the district court's order. *See Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). The points and authorities filed in support of the specific written objections are subject to the page limitations found in LR 7-4.